aee

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 10 C 425 |
| v. | ) | |
| | ) | The Honorable William J. Hibbler |
| | ) | |
| 1735 W. DIVERSEY, LLC, RONALD B. SHIPKA, SR., RONALD B. SHIPKA, JR., JOHN SHIPKA, AND THE BOARD OF DIRECTORS OF REGAL LOFTS CONDOMINIUM ASSOCIATION, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Nautilus Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify 1735 W. Diversey, John Shipka, Ronald B. Shipka, Jr., or Ronald B. Shipka, Sr. (the Insureds) in connection with a lawsuit filed in the Circuit Court of Cook County by the Board of Regal Lofts Condominium Association (Regal Lofts). Previously, the Court denied the Insureds motion for partial summary judgment on their counterclaims, including a claim that Nautilus had breached the insurance contract by refusing to defend them in the underlying lawsuit. Now, Nautilus moves for summary judgment on its declaratory judgment claim, in essence arguing that the undisputed facts that supported denying the Insureds motion for partial summary judgment warrant granting it summary judgment on its claim. Regal Lofts, which since has settled its claim with the Insureds and assumed their rights under the policy, opposes Nautilus's motion.

1

Regal Lofts argues that there is a genuine issue of material fact regarding whether the Insureds owned the property when it was damaged. In support, Regal Lofts attaches the affidavits of one of the Insureds and one of the condominium owners. The affidavit of the Insured states that the condominium was not turned over to the Association until July 2000. The affidavit of the Owner states that she moved in to her unit in May 2000 and was "aware of water damage issues *in the building*" in May 2000 (emphasis added).[1]

Regal Lofts opposes Nautilus's motion primarily on the basis of its misinterpretation of the Court's prior ruling. Regal Lofts suggests that the Court held that "the allegations in the underlying complaints could state a potential claim for coverage due to damage to the Regal Lofts Condominium Association." This statement is inaccurate. The Court held that "the underlying complaint and amended complaint *do not* state facts that bring the claims within or potentially within the policies' coverage." *Nautilus Ins. Co. v. 1735 W. Diversey LLC*, 10 C 425, Doc. #74 at 10-11 (emphasis added). In reaching this conclusion, the Court relied on Illinois law that instructs that damage to a construction project itself as a result of faulty workmanship is not an "accident." *See id.* at 6-10. To the extent that Regal Lofts suggests that the Court held that either the underlying complaint or the underlying amended complaint could state a potential claim for coverage, it is simply wrong. Further, to the extent that Regal Lofts suggests that the Court held that any allegation of damage to the condominium itself could state a potential claim for coverage, it is also wrong.

---

[1] This affidavit directly contradicts the allegations of the underlying Second Amended Complaint, which pleads "[t]he Plaintiff [Regal Lofts] and its unit owners discovered these defects on or about the time that [the] October 25, 2004 Construction Resources, Inc. study was prepared and sent to the Association." Of course, parties cannot manufacture genuine issues with self-serving affidavits that materially different from positions taken in the past. *United States v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 466 (7th Cir. 2005). The Court, however, need not disregard the affidavit to reach its conclusion here.

2

Rather, the Court made clear that the underlying second amended complaint stated a claim that was potentially within the scope of the underlying policies only because it contained an allegation that distinguished it from the prior underlying complaints, namely that the negligent workmanship caused damage to personal property. The Court nonetheless held that the Products-Completed Operation Hazard precluded coverage. The evidence that Regal Lofts points to in its opposition to the summary judgment motion, however, speaks only to damage to the building itself and not damage to personal property. Thus, it does not impact the Court's prior ruling on summary judgment.

Even if Regal Lofts's evidence did speak to damage to personal property, it does not explain why the Products-Completed Operation Hazard exclusion does not clearly apply.[2] As noted in the Court's prior ruling, the Products-Completed Operations Hazard exclusion precludes coverage from property damage occurring "away from the premises" and arising out of work that has been completed. The policies deem work completed when "*that part* of the work done at the job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project." Regal Lofts seems to reason that the Products-Completed Operation Hazard exclusion does not apply because even though some of the

---

[2] Regal Lofts argues that Nautilus is estopped from raising the exclusion because it did not promptly file a declaratory judgment action. Regal Lofts's argument is based on mistaken characterizations of fact and law. Most importantly, Regal Lofts argues that Nautilus delayed more than 23 months after the Insureds initial tender. However, the Court has held that the initial tender did not raise claims potentially within the policy. Such claims were not raised until August 2009 when the underlying second amended complaint was filed. Nautilus filed this action four months later. Illinois Courts have found this time-frame to be reasonable. *L.A. Connection v. Penn-America Ins. Co.*, 363 Ill. App. 3d 259, 843 N.E.2d 427 (Ill. App. Ct. 2006); *Sears, Roebuck & Co. v. Seneca Ins. Co.*, 254 Ill. App. 3d 686, 627 N.E.2d 173 (Ill. App. Ct. 1993).

condominiums had been sold and put to their intended use, the underlying defendant (1735 W. Diversey, LLC) still owned or controlled other parts of the building. As the Court previously reasoned, any damage to "personal property" necessarily must have occurred "away from premises" the Insureds owned because the personal property of individual condominium unit owners could be there only if they had taken ownership and possession of the unit. Likewise, the Court reasoned that if the condominium unit owner had taken ownership and possession of the unit and moved personal property into it that "that part" of the work was being put to its intended use and therefore work on "that part" of the job sit was complete. Consequently, the Court held that the Products-Completed Operation Hazard exclusion clearly applied. *See HC Waterford Prop., LLC v. Mt. Hawley Ins. Co.*, 2009 WL 2600431, at *5 (S.D. Fl., Aug. 21, 2009) (noting that the fact developer had interest in other unsold units has "no bearing" on whether Products-Completed Operation Hazard exclusion applies to bar coverage to property damage in units already sold).

In short, Regal Lofts misinterprets the Court's prior summary judgment ruling and misconstrues the applicability of the Products-Completed Operation Hazard exclusion. The Court held in its prior ruling that none of the facts of the underlying complaints brought the claims within or potentially within the policies except for claims that personal property may have been damaged by the negligent workmanship. The Court further held in its prior ruling that the Products-Operation Hazard exclusion clearly applied to those potential claims. Regal Lofts has pointed to no facts that would cause the Court to interpret the plain language of the policies any differently.

Consequently, the Court concludes that Nautilus had no duty to defend the Insureds in the underlying complaints and no duty to indemnify. *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010) (where insurer has no duty to defend, it has no duty to indemnify). The Court further

concludes that because there is no duty to defend, there can be no breach of contract or violation of Section 155 of the Illinois Insurance Code. *Yamada Corp. v. Yasuda Fire & Marine Ins. Co.*, 305 Ill. App. 3d 362, 369, 712 N.E.2d 926 (Ill. App. Ct. 1999). Thus, the Court GRANTS Nautilus's Motion for Summary Judgment and declares that it has no duty to defend or indemnify the Insureds.

IT IS SO ORDERED.

2/8/13
Dated

Hon. William J. Hibbler
U.S. District Court